UNITED STATES BANKRUPTCY COURT
NORTHERN OF NEW YORK (ALBANY)

In Re:

    JOSEPH A. MARCANTONIO,                      Case No. 08-1057-1-rel

        Debtor.

                                                                   Chapter 13

JOSEPH A. MARCANTONIO,

        Plaintiff,

    v.                                                  Adv. Pro. No. 08-90105-1-rel

JPMORGAN CHASE BANK, N.A., ET AL.,        **ANSWER OF DEFENDANT,**
                                                                **THE EDUCATION RESOURCES**
        Defendants.                               **INSTITUTE, INC. AS ASSIGNEE OF**
                                                                 **AMERICAN EDUCATION SERVICES**

        Comes now THE EDUCATION RESOURCES INSTITUTE, INC., ASSIGNEE OF AMERICAN EDUCATION SERVICES (hereinafter referred to as "TERI"), a non-profit guarantor of student loans, by and through their counsel Weltman, Weinberg & Reis, and states the following in response to the COMPLAINT , filed by the Debtor/Plaintiff, Joseph Marcantonio, who co-signed two TERI-guaranteed loans for the benefit of Heather Hopkins.   TERI is the successor, by way of assignment, of the two loans which form the basis of Plaintiff's Complaint.  TERI is the proper party in interest as beneficial owner of all rights, title and interest of the promissory notes in question.  Except as expressly admitted, qualified or explained herein, TERI denies each and every allegation of the Complaint, and answers as follows:

    1.  Defendant admits to the allegations as set forth in paragraph 1 of Plaintiff's Complaint.

    2.  Defendant admits to the allegations as set forth in paragraph 2 of Plaintiff's Complaint.

    3.  Defendant admits to the allegations as set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations as set forth in paragraph 4 of Plaintiff's Complaint as to the truth of the matter asserted.

5. Defendant denies the allegations set forth in paragraph 5 of Plaintiff's Complaint for lack of sufficient knowledge or information upon which to form a belief as to the truth of the allegation.

6. Defendant denies the allegations set forth in paragraph 6 of Plaintiff's Complaint for lack of sufficient knowledge or information upon which to form a belief to the truth of the allegation.

**AFFIRMATIVE DEFENSES**

7. Plaintiff's Complaint fails to state a claim against TERI for which relief can be granted.

8. Plaintiff's Complaint fails to join a party (TERI) under Fed. Bankr. R. P. 7019.

9. The loans should not be discharged because such a discharge would violate the congressionally established, public policy underlying the enactment of 11 U.S.C. § 523(a) (8). It is well established that the provisions under this code were meant to be an exception to the fresh start policy in order to protect student loan funds from being discharged.

10. Plaintiff's Complaint fails to state with particularity the grounds upon which the loans should be discharged.

11. There is no authority for allowing the relief sought by Plaintiff.

**Wherefore,** the Defendant, THE EDUCATION RESOURCES INSTITUTE, INC., ASSIGNEE OF AMERICAN EDUCATION SERVICES, respectfully requests:

1. That all relief sought by the Plaintiff against TERI be denied;

2. That any debt owed to TERI be declared nondischargeable.

3. That any debt owed to TERI be declared enforceable.

    4.  That the Complaint be dismissed; and

    5.  Any further relief that this Court deems just.


DATED:        August 8, 2008            /s/ Geoffrey J. Peters
                                        Geoffrey J. Peters, Esq. (Bar No. 513104)
                                        **Weltman, Weinberg & Reis Co., L.P.A.**
                                        Attorneys for The Education Resources Institute, Inc. as Assignee
                                        175 S. Third Street, Suite 900
                                        Columbus, OH  43215
                                        (614) 857-4324